[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17017
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-03826-TWT

ROOSSEVELT GOGUETTE,
KATHLEEN T. GOGUETTE,

Plaintiffs-Appellants,

versus

U.S. BANK NATIONAL ASSOCIATION,
as Trustee for Registered Holders of First Franklin Mortgage Loan Trust,
Mortgage Assets-Backed Certificated, Series 2007-FF1,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(November 9, 2017)

Before JORDAN, ROSENBAUM, and EDMONDSON, Circuit Judges.

PER CURIAM:

Plaintiffs Roosevelt and Kathleen Goguette, proceeding pro se, appeal the district court's dismissal with prejudice -- pursuant to Fed. R. Civ. P. 12(b)(6) -- of their complaint for failure to state a claim.  Briefly stated, Plaintiffs seek to challenge the foreclosure proceedings on Plaintiffs' home.  Reversible error has been shown; we vacate the judgment and remand for further proceedings.

In their pro se complaint, Plaintiffs alleged that U.S. Bank National Association ("U.S. Bank") initiated foreclosure proceedings on Plaintiffs' home in Dacula, Georgia ("Property") while Kathleen was under Chapter 13 Bankruptcy protection.  Plaintiffs alleged that U.S. Bank was notified of the bankruptcy proceedings and that U.S. Bank -- without having filed a motion to lift the automatic stay -- served Plaintiffs with an eviction notice, demanded payment from Plaintiffs, and "proceeded to confirm the foreclosure sale."  Plaintiffs asserted that U.S. Bank violated the automatic stay provisions of 11 U.S.C. § 362, failed to comply with the notification requirements of O.C.G.A. § 44-14-162, and caused Plaintiffs to suffer emotional distress.[1]

---

[1] Plaintiffs also appeared to assert that U.S. Bank's conduct violated the Due Process Clause. Because U.S. Bank is no "government actor," however, it is not subject to the Fifth Amendment. For background, see S.F. Arts & Athletics, Inc. v. U.S. Olympic Comm., 483 U.S. 522, 542-46 (1987).

The magistrate judge issued a report and recommendation ("R&R"), recommending that the district court grant U.S. Bank's motion to dismiss. The magistrate judge determined that Plaintiffs failed to state a plausible claim for relief under 11 U.S.C. § 362. First, the magistrate judge noted that Plaintiffs failed to allege what interest, if any, Kathleen -- the only debtor in bankruptcy -- had in the Property. The magistrate judge also determined that the complaint alleged no facts about "Defendant's actions, when they occurred, or how or when Defendant became aware of the bankruptcy proceeding." About Plaintiffs' claim for emotional distress, the magistrate judge determined that (1) Plaintiffs were unentitled to recover damages under 11 U.S.C. § 362(k) and (2) had failed to allege "extreme and outrageous" conduct necessary to state a claim for intentional infliction of emotional distress under Georgia law.[2]

Plaintiffs filed objections to the R&R. In pertinent part, Plaintiffs asserted that both Roosevelt and Kathleen Goguette were "on title to the subject property."

The district court adopted the magistrate judge's R&R and dismissed the complaint with prejudice. In response to Plaintiffs' objections, the district court said that "[g]iven the vague description of Kathleen Goguette's . . . interest in the property at the time of her Chapter 13 bankruptcy proceeding, the statement in the

---

[2] The magistrate judge did not address expressly Plaintiffs' claim under O.C.G.A. § 44-14-162.

3

Plaintiffs' Objections that she is now on the title is insufficient to save the Plaintiffs' cause of action."

We review de novo the district court's dismissal of a case under Rule 12(b)(6), "accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). To survive a motion for dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotation omitted).

We construe liberally pro se pleadings. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). "Where a more carefully drafted complaint might state a claim, a [pro se] plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991) (emphasis added), overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541, 542 (11th Cir. 2002) (en banc) (holding that this rule does not apply to counseled plaintiffs). This is true even when -- as in this case -- "the plaintiff never seeks leave to amend in the district court, but instead appeals the district court's dismissal." See id. A district court need not grant leave to amend if amendment would be futile. Id.

The filing of a bankruptcy petition acts to stay automatically certain proceedings against the debtor, including the enforcement of "any lien against property of the estate."  11 U.S.C. § 362(a)(4).  Property constitutes "property of the estate" -- and, thus, is protected under the automatic stay -- if the debtor has some legal or equitable interest in the property when the bankruptcy petition is filed.  See id. § 541(a).  A person injured by "any willful violation" of the automatic stay may recover damages.  Id. § 362(k).

We agree with the district court's determination that Plaintiffs failed to allege sufficiently the nature of Kathleen's interest in the Property: an element essential to demonstrating that the Property was subject to protection under an automatic stay.  Cf. 11 U.S.C. §§ 362(a)(4), 541(a).  But we cannot conclude that a more carefully drafted complaint could state no claim for relief.  Particularly given Plaintiffs' later assertion that both Plaintiffs were on the title to the Property and given that Kathleen listed the Property in her bankruptcy schedules as real property in which she had "legal, equitable, or future interest,"[3] the district court plainly erred by not giving these pro se Plaintiffs an opportunity to amend their complaint. See Bank, 928 F.2d at 1112; see also Fed. R. Civ. P. 15(a) (courts "should freely give leave [to amend] when justice so requires.").

---

[3] The magistrate judge considered the pleadings filed in Kathleen's bankruptcy proceedings in assessing whether Plaintiffs had stated a claim for relief.

We also note that, although Plaintiffs provided few specifics about U.S. Bank's conduct, they alleged these things: (1) Kathleen filed for Chapter 13 Bankruptcy; (2) U.S. Bank (who is listed as a creditor in Kathleen's bankruptcy petition) was notified of the bankruptcy filing; (3) after receiving such notice -- and while Kathleen was still under protection of the automatic stay -- U.S. Bank came to Plaintiffs' home, served Plaintiffs with an eviction notice, demanded payment of money, and confirmed the foreclosure sale; and (4) Plaintiffs were injured by U.S. Bank's conduct.  Considering the allegations, we cannot say that amendment would be futile.

We vacate the judgment of dismissal and remand with instructions for the district court to grant Plaintiffs leave to amend their complaint.

VACATED AND REMANDED.